IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **NICKOLAY S. KRAVCHUK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-147-HE |
| | ) | |
| **ALBERTO GONZALES, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, appearing *pro se*, has filed this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus, challenging his continued detention by Immigration Custom's Enforcement ("ICE"). This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). On March 30, 2007, Respondents filed a motion to dismiss, urging that the petition be dismissed as moot. To date, Petitioner has failed to respond to the motion, and the matter is now at issue. For the reasons set forth below, it is recommended that the petition be dismissed as moot.

**Relevant Facts/ Case Background**

At the time the petition was filed, on February 6, 2007, Petitioner was in custody of ICE and detained at the Oklahoma County Detention Center. Petitioner states that he has been in the custody of ICE since May 31, 2006 and that he was ordered deported by an immigration judge on August 2, 2006. Petition at 2. Petitioner alleges that there is no significant likelihood of his removal in the reasonably foreseeable future. Relying on the

United States Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001),[1] Petitioner claims that his continued detention is a violation of the statutory authority granted to ICE. Petitioner further alleges that his detention violates his substantive and procedural due process rights under the Due Process Clause of the United States Constitution. He seeks immediate release from ICE custody. Petition at 5.

Respondent states that Petitioner was released from ICE custody on March 1, 2007, and as evidence of Petitioner's release, Respondent has attached a Release Notification and an Order of Supervision signed by Nuria T. Prendes, Field Officer Director for ICE. *See* Exhibit 3 and 4 to Motion. These documents reflect that Petitioner has been released from ICE custody and is currently under an Order of Supervision. Petitioner has not responded to dispute the alleged release.[2]

## Analysis

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los*

---

[1] In Zadvydas, the Supreme Court found that 8 U.S.C. § 1231(a)(6) does not authorize the INS to hold legally admitted, but removable, aliens in custody indefinitely. Rather, *Zadvydas* held that while a legally admitted alien can be detained during the 90-day "removal period" contemplated by the statute, the alien can be held after that period for only a "reasonable period," which is presumed to be six months, unless the INS can show that there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 698-701.

[2] The undersigned notes that Petitioner has failed to advise the Court of a change in his mailing address as required by LCvR 5.5(a).

*Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

Petitioner challenges only his prolonged detention. Because Petitioner has now been released, the relief he requests, release from ICE custody, is no longer available and cannot be redressed by a favorable judicial decision. In addition, Petitioner does not allege that collateral consequences exist necessary to satisfy the injury-in-fact requirement of Article III. Therefore, the petition should be dismissed as moot. *See Sule v. Immigration & Naturalization Serv.*, No. 98-1090, 1999 WL 668716 (10th Cir. Aug. 27, 1999)[3] (petitioner's deportation to Nigeria rendered moot his § 2241 habeas petition challenging both the order of deportation and his INS detention). *See also Suarez-Tyida v. United States*, No. 02-6341, 2004 WL 68258 at *4 (10th Cir., Jan. 16, 2004) (unpublished) (holding that because alien had been released from indefinite immigration detention, he had "effectively received the relief he has requested," and his petition was moot.).

Based on the evidence of Petitioner's release from ICE custody, the undersigned finds that the instant petition no longer presents an Article III case or controversy for judicial review. Federal courts have no authority to give an opinion on a question that is moot as a result of events that occur during the pendency of the action. *Suarez-Tyeda,*

---

[3]This and any other unpublished opinions are cited herein as persuasive authority pursuant to Tenth Circuit Rule 32.1.

2004 WL 68758, at 3 (citing *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992). Therefore, it is recommended that the petition be dismissed as moot.

### **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that Respondents' motion be granted and the petition for writ of habeas corpus be dismissed as moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 15th day of May, 2007, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Petitioner is further advised that his failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States,* 960 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 25th day of April, 2007.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE